# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40665
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EVERT PENA HINOJOSA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-123-2

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Evert Pena Hinojosa appeals his conviction for conspiracy to possess five or more kilograms of cocaine and possession of this same type and quantity of drugs with intent to distribute as well as the resulting 235-month sentence. Pena Hinojosa argues that the district court erred by denying his request that trial counsel Jose Tellez be permitted to withdraw from representation on the morning of trial and that Luis Figueroa be allowed to enroll as counsel. Our review of the record, which does not reflect that Figueroa was present in court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the morning of trial or even that he had agreed to represent Pena Hinojosa, does not support Pena Hinojosa's assertion that his rights were infringed in connection with this ruling. Rather, the record shows no error in connection with the district court's denial of the proposed substitution because this substitution seems likely to have impeded the orderly administration of justice. See United States v. Kitchin, 592 F.2d 900, 903 (5th Cir. 1979); see also McQueen v. Blackburn, 755 F.2d 1174, 1178 (5th Cir. 1985).

Pena Hinojosa argues that the district court erred by admitting both testimonial and documentary evidence pertaining to the cocaine involved with his offenses because the chain of custody of the cocaine was not sufficiently established. He concomitantly argues that the district court erred by denying his motion for judgment of acquittal because the disputed evidence should not have been admitted and because the remaining evidence does not show that he conspired to possess and actually possessed cocaine.

These arguments are unavailing for two reasons. First Pena Hinojosa's argument that the disputed evidence should not have been admitted because the chain of custody was not properly established is misplaced. "[A] 'break in the chain of custody simply goes to the weight of the evidence, not its admissibility.'" United States v. Dixon, 132 F.3d 192, 197 (5th Cir. 1997) (quoting United States v. Sparks, 2 F.3d 574, 582 (5th Cir. 1993)).

Second, Pena Hinojosa's argument concerning the admission of certain evidence is reviewed for plain error only due to his failure to raise it in the district court. See United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998). Our review of the record shows no error, much less plain error, in connection with the admission of the disputed evidence.

Pena Hinojosa's challenge to the district court's denial of his motions for judgment of acquittal is similarly unavailing. The evidence adduced at trial was sufficient to permit a reasonable juror to find "that the evidence established the essential elements of the crime[s of conviction] beyond a reasonable doubt."

United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). Pena Hinojosa has not shown that the district court erred by denying his motions for judgment of acquittal.

Finally, Pena Hinojosa challenges his sentence. He contends that the district court failed to give sufficient consideration to the sentencing factors found in 18 U.S.C. § 3553(a) and that a sentence of 15 years would have been more reasonable than the 235 month sentence that was imposed.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to properly calculate and consider the applicable sentencing range under the Sentencing Guidelines, along with the sentencing factors set forth in § 3553(a), when fashioning a sentence. United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). When reviewing a sentence, we consider whether the district court committed procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594, 597 (2007). Further, the district court's sentencing decision is ultimately reviewed for an abuse of discretion. Id.; see also United States v. Gomez-Herrera, 523 F.3d 554, 564 (5th Cir. 2008).

Our review of the record shows no error in connection with Pena Hinojosa's sentence. The district court committed no procedural error at sentencing, and the sentence imposed is substantively reasonable. See Gall, 128 S. Ct. at 594, 597.

Pena Hinojosa has shown no error in connection with his convictions and sentence. Consequently, the judgment of the district court is AFFIRMED.